**IMG-282** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1647
_____

XIU-YAN ZHU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-715-485)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN , Circuit Judges

(Opinion filed:  August 19, 2010)

_____

OPINION
_____

PER CURIAM

Xiu-Yan Zhu seeks review of the Board of Immigration Appeals' ("BIA") final

order of removal.  In its order, the BIA affirmed the Immigration Judge's ("IJ") decision

to deny Zhu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny the petition.

I.

Zhu is a native and citizen of China from Fujian Province. She arrived in the United States on or about December 19, 2004. On December 23, 2004, the U.S. Department of Homeland Security issued a Notice to Appear charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Zhu admitted the factual allegations in the Notice and conceded removability. On January 11, 2007, Zhu filed an amended application for asylum, withholding of removal, and protection under the CAT, claiming past persecution and fear of future persecution for practicing Falun Gong, which is outlawed in China. She also claimed that she fears persecution for violating the country's family planning policy.[1]

The IJ denied Zhu's application for relief, finding Zhu's testimony that she is a practitioner of Falun Gong lacked credibility. The IJ noted that Zhu was uncomfortable answering questions about the discipline and appeared to know little about it. With regard to corroborating evidence, while Zhu's husband testified at the hearing that he witnessed his wife practice Falun Gong regularly, the IJ found his testimony unpersuasive. The IJ also determined that Zhu failed to provide adequate documentary evidence substantiating her fear of persecution for having violated China's family

_____

[1] Zhu married after entering the United States and gave birth to a daughter in October 2006.

planning policy.

On February 10, 2009, the BIA affirmed the IJ's decision and dismissed Zhu's appeal. The BIA reviewed only the IJ's denial of Zhu's Falun Gong claim, determining that she waived review of her additional claim that she would be persecuted under the Chinese family planning policy.

II.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). The BIA's factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review an adverse credibility determination under the substantial evidence standard. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Under this deferential standard of review, this Court must uphold a credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." Gao v.Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting INA § 242(b)(4)(B)).[2]

---

[2]Because Zhu filed her asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations in asylum applications apply. See Chukwu v. Att'y Gen. of the U.S., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, a trier of fact may base a credibility determination on inconsistencies, inherent implausibilities, inaccuracies, and other factors, without regard to whether they relate to the heart of an applicant's claim. See INA § 208(b)(1)(B)(iii).

We conclude that the adverse credibility determination in this case is supported by substantial evidence as the hearing transcript shows that Zhu had a difficult time providing details about her practice of Falun Gong. We agree with the IJ's and BIA's observations that Zhu was often non-responsive when asked to describe what the practice entailed. At other times, her answers were delayed. Specifically, the hearing transcript reveals that while Zhu knew certain cursory information about Falun Gong such as its founder, she could not adequately describe key elements of the discipline, including the movements associated with meditation.[3] (A.R. 107-8; 115-16). Although applicants for asylum need not display "the knowledge of a seminarian," see Mezvrishvili v. Att'y Gen., 467 F.3d 1292, 1296 (11th Cir. 2006), we agree that Zhu's inability to describe basic elements of her practice undermines her claim that she has been regular practitioner of the discipline since April 2003. (A.R. 91).

The BIA also upheld the IJ's adverse credibility ruling based on Zhu's inconsistent statements regarding her alleged September 2004 arrest for practicing Falun Gong. (Id. at 2.) Although perhaps less significant to the evaluation of her credibility than her inability to adequately explain her practice of Falun Gong, we find that the IJ's adverse credibility determination is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Gao, 299 F.3d at 272.

---

[3] Although Zhu describes the IJ's evaluation of her testimony as mostly an evaluation of her demeanor, for reasons discussed herein, the record shows that his evaluation encompassed more than Zhu's inability to answer questions quickly, noting that she displayed an overall lack of knowledge about the discipline.

We also find no error in the conclusions of the IJ and BIA that Zhu failed to provide sufficient corroborating evidence of her ongoing practice of Falun Gong.  In denying asylum based on a lack of corroboration, the BIA and/or IJ must: (1) identify the facts for which it is reasonable to expect corroboration; (2) inquire as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not; and (3) analyze of whether the applicant has adequately explained his or her failure to do so.  Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006); Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001).

The IJ reasonably expected Zhu to submit affidavits or some evidence that she has practiced Falun Gong since her arrival in the United States.  However, Zhu presented only the testimony of her husband to support the claim.  He was not a particularly helpful witness.  While he claimed that Zhu practices Falun Gong three or four times a week, he could not offer any details about his wife's practice.  (A.R. 120-21.)  The BIA reasonably agreed that this lack of corroborating evidence failed to satisfy Zhu's burden of proof.

As Zhu did not meet her burden of proof on her asylum claim, her claim for withholding of removal necessarily fails.[4]  See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008).  We will deny the petition for review.

---

[4]Because Zhu has provided no argument in her opening brief challenging either the BIA's denial of her CAT claim or its finding that she waived review of her claim that she would be persecuted under China's family planning policy, we will not review those claims.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).